■ In the Matter of ANGEL VILLARINI, Petitioner, v HOWARD SAFIR, as Police Commissioner of the City of New York, et al., Respondents. [669 NYS2d 21] —Determination of respondent Police Commissioner dated July 19, 1996, which terminated petitioner's employment as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Robert Lippmann, J.], entered on or about November 14, 1996) dismissed, without costs.

Respondent's findings that petitioner, engaging in horseplay with a fellow officer, placed his gun in the fellow officer's mouth, and thereafter, withdrawing the unholstered gun from his waistband, caused it to discharge, injuring the fellow officer, is supported by substantial evidence, in particular, the testimony of the fellow officer. Evidence that the fellow officer did not mention that the gun was placed in his mouth when first interviewed by respondent's investigators, permitting an inference that his assertion of horseplay was a recent fabrication, was countered by the testimony of the fellow officer's partner that the fellow officer told him about the incident while he was still in the hospital, and by the fellow officer's own testimony that he was in physical and emotional pain at the time of the first interview. We have considered petitioner's argument of bias on the part of the Hearing Officer and find it to be without merit. The penalty of dismissal does not shock our sense of fairness, notwithstanding petitioner's otherwise excellent record (*see, Matter of Carlton v Schembri*, 235 AD2d 306). Concur—Sullivan, J. P., Milonas, Mazzarelli and Andrias, JJ.